IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CAROLYN CLARK, *et al.*,
*individually and on behalf of a class of
similarly situated persons*,

        Plaintiffs,

v.

EXPERIAN INFORMATION SOLUTIONS,
INC.,

        Defendant.

Civil Action No.: 3:16-cv-32-MHL

**ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS,
(2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
(3) APPROVING NOTICE PLAN, AND (4) SETTING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the civil actions entitled *Clark v. Experian Information Solutions, Inc.*, United States District Court for the Eastern District of Virginia, Case No. 3:16-cv-000032 and *Brown v. Experian Information Solutions, Inc.*, United States District Court for the Eastern District of Virginia, Case No. 3:16-cv-000670. The case alleged class action claims pursuant to 15 U.S.C. § 1681g(a)(2) and 15 U.S.C. § 1681e(b) against Experian Information Solutions, Inc. ("Experian"). Based on this Court's review of the Parties' Stipulation and Agreement of Settlement (the "Agreement"), Plaintiffs' Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

    1.    <u>Settlement Terms.</u> Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all members of the Settlement Class.

3. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Federal Rule of Civil Procedure 23(b)(2), conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All consumers in the United States who either: (a) received (between January 15, 2011, and the date of preliminary approval of the Settlement) a File Disclosure from Experian's Nationwide Database where such File Disclosure identified a Public Record but where the identity of the vendor who retrieved that item was not disclosed; or (b) had (between January 15, 2014, and the date of preliminary approval of the Settlement) a Consumer Report communicated by Experian to a third party where such Consumer Report contained a CJ/TL Public Record where the status of such CJ/TL Public Record was not accurately described or where the CJ/TL Public Record belonged to a different person.

4. <u>Fed. R. Civ. P. 23(a) is Satisfied</u>. In connection with this conditional certification, the Court makes the following preliminary findings that the proposed Settlement Class satisfied Fed. R. Civ. P. 23(a):

(a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c) Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

(d) Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement; and

(e) Plaintiffs' counsel appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement.

5. <u>Fed. R. Civ. P. 23(b) is Satisfied</u>. In connection with this conditional certification, and only upon the agreement of the Parties for purposes of settlement, the Court preliminarily finds that the proposed Settlement Class satisfies Fed. R. Civ. P. 23(b)(2) as Experian has acted on grounds that apply generally to the Settlement Class, so that final injunctive relief would be appropriate respecting the class as a whole.

6. <u>Class Representative</u>. The Court appoints Plaintiffs to act as representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23.

7. <u>Class Counsel</u>. The Court appoints Consumer Litigation Associates, P.C., Kelly & Crandall PLC, Francis & Mailman, P.C., The Adkins Firm, P.C., and Berger & Montague, P.C., as Class Counsel pursuant to Federal Rule of Civil Procedure 23.

8. <u>Scope of Settlement</u>. The Agreement resolves all claims alleged in the *Clark* Class Action Complaint filed on January 15, 2016, (Case No. 3:16cv32, ECF No. 1), the *Brown* Class Action Complaint filed on August 11, 2016, (Case No. 3:16cv670, ECF No. 1), and such other claims as are described in the Agreement.

9. <u>Preliminary Approval of Proposed Settlement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court preliminarily finds that: (a) the Settlement was fairly negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case, and (b) at this posture on Preliminary Approval, the Settlement appears fair, reasonable and adequate, and within the range of possible approval.

10. <u>Notice Administrator</u>. The Court hereby appoints Kinsella Media, LLC as the Notice Administrator in accordance with the Agreement.

11. The Notice Administrator is hereby ordered to use its best efforts to provide notice to the Settlement Class in an efficacious manner that is consistent with Fed. R. Civ. P. 23(e) and due process, the Parties' Agreement, and the amount allocated for Notice Program in the Parties' Agreement.

12.     <u>Class Notice</u>.  The Court approves the proposed plan for giving notice to the Settlement Class through electronic mail, internet and social media, and through establishment of a Settlement Website, as more fully described in Plaintiffs' Motion and the Agreement ("Notice Plan").  The Notice Plan, in form, method and content, complies with the requirements of Federal Rule of Civil Procedure 23 and due process, and constitutes the best notice practicable under the circumstances.

13.     <u>Approval of Notice Plan</u>.  With respect to the proposed notice plan, the Court finds that the proposed notice program constitutes appropriate notice under the circumstances and pursuant to Fed. R. Civ. P. 23(c)(2)(A).  With respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration, that notice provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23.

14.     All disputes regarding the Notice Program, whether before or after final approval of the Settlement, are hereby referred to and shall be summarily resolved by Magistrate Judge David J. Novak.

15.     The Notice Administrators will file with the Court, by no later than fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

16. <u>Final Approval Hearing</u>. At 2:00 p.m. on February 1, 2019, in Courtroom 6100 of the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, Virginia 23219, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether to: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was appropriate under Fed. R. Civ. P. 23(c)(2)(A) and under the circumstances, and is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) finally certify the Settlement Class; (d) confirm that Plaintiffs and the Settlement Class have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties (subject to the terms, conditions and limitations set forth in the Agreement); and (f) dismiss the Action with prejudice, without costs to any Party, except as provided in the Agreement. At the Final Approval Hearing, the Court will also determine whether Class Counsel's application for attorneys' fees and expenses, and service awards to Plaintiffs, should be granted, and in what amount. No later than Twenty-one (21) days before the Final Fairness Hearing, Plaintiffs must file papers in support of Class Counsel's (and their Co-Counsels') application for attorneys' fees and expenses and the service awards to Plaintiffs. No later than fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

17. <u>Objection Deadline</u>. Persons in the Settlement Class who wish to object to the Settlement or the attorneys' fees or service awards must do so no later than January 15, 2019.

18.     <u>Objections to the Settlement</u>.  To object to the Settlement, Settlement Class Members must follow the directions below and file a written objection with the Court by the Objection Deadline.  Settlement Class Members also must mail the objection by the Objection Deadline to each of the following: (a) Class Counsel – Leonard Bennett, Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, Virginia 23601; and (b) Experian's Counsel – Daniel J. McLoon, Esq., Jones Day, 555 S Flower St, Los Angeles, CA 90071.  All objections must include:  (i) the objector's name, address, telephone number and signature; (ii) a sentence stating that, to the best of his or her knowledge, he or she is a member of the Settlement Class; (iii) the factual basis and legal grounds for the objection to the Settlement; (iv) the identity of any witnesses whom the objector may call to testify at the Final Fairness Hearing; (v) the name and address of any attorney who has drafted or helped draft the objection; and (vi) copies of exhibits the objector may seek to offer into evidence at the Final Fairness Hearing.  The Court will not consider an objection unless the objection is filed with the Court, mailed to Class Counsel, and Experian's Counsel and includes all of the foregoing information.

19.     Any Settlement Class Member who fails to timely comply with Paragraphs 17 and 18 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding.

20.     For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address and telephone number to protect the objector's privacy.  The objector's name and city, state, and zip code, as well as the objection, will not be redacted.

21. <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement should be approved, the Parties shall cooperate in filing such papers as may be necessary to stay proceedings in all the Actions as defined in the Agreement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement, as well as such other litigation as may attempt to prosecute Released Claims. Pending the final determination of whether the Settlement should be approved, Plaintiffs and all persons in the Settlement Class are hereby enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and the Settlement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

22. If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the <u>status quo ante</u> as set forth in the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by

Plaintiffs, any person in the proposed Settlement Class, Experian or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

23. In the event that the Settlement is not finally approved, or is terminated, canceled or fails to become effective for any reason, any remaining budget for costs for the Notice Plan and administration (including accrued interest), as set forth in the Agreement, less expenses and taxes incurred or due and owing and payable in accordance with this Agreement, shall (if paid or advanced by Experian) be returned to Experian within five (5) business days following the event triggering non-approval, termination, cancellation, or failure to become effective, or (if not already paid or advanced by Experian) shall no longer be due and owing by Experian.

24. <u>No Admission of Liability</u>. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Experian, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

25. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and other exhibits that they jointly agree are reasonable and necessary. The Court

reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

It is so ORDERED.

/s/ MHL
M. Hannah Lauck
United States District Judge

Date: SEP 2 1 2018
Richmond, Virginia