

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CAROLYN CLARK, *et al., on behalf of*
*themselves and all others similarly situated,*

                  Plaintiffs,
v.                                    Civil Action No. 3:16-cv-00032 (MHL)

EXPERIAN INFORMATION SOLUTIONS,
INC.,
                  Defendant.

---

FRANCES D. BROWN, *et. al., on behalf of*
*themselves and all others similarly situated,*

                  Plaintiffs,
v.                                    Civil Action No. 3:16-cv-00670 (MHL)

EXPERIAN INFORMATION SOLUTIONS,
INC.,
                    Defendant.

## **FINAL APPROVAL AND INJUNCTIVE RELIEF ORDER**

Plaintiffs, on their behalf and on behalf of all similarly situated consumers, submitted to the District Court a Motion for Final Approval of Class Action Settlement and for Attorneys' Fees, Costs, and Class Representative Service Awards seeking final approval of the Stipulation and Agreement of Settlement (the "Agreement"), and the exhibits attached thereto, entered into by and between Plaintiffs and Defendant. Defendant does not oppose Plaintiffs' Motion.

By Order dated September 21, 2018, the District Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order"). In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendant served written notice of the proposed class settlement on the United States Attorney General and the appropriate state

Attorneys General. Due and adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, this Court having considered all papers filed and proceedings had herein, and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Final Approval Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter and, for purposes of this Settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

3. Pursuant to Federal Rule of Civil Procedure 23, and consistent with Due Process, the Court finds that the settlement of the lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases and defenses; the complexity, expense, and probable duration of further litigation; and the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class; the arms-length settlement negotiations, and the equitable treatment of class members relative to each other..

4. Pursuant to Federal Rule of Civil Procedure 23(b)(2), this Court hereby certifies the following Settlement Class solely for purposes of effectuating this Settlement:

> All consumers in the United States who either: (a) received (between January 15, 2011 and September 21, 2018) a File Disclosure from Experian's Nationwide Database where such File Disclosure identified a Public Record but where the identity of the vendor who retrieved that item was not disclosed; or (b) had

(between January 15, 2014 and September 21, 2018) a Consumer Report communicated by Experian to a third party where such Consumer Report contained a CJ/TL Public Record where the status of such CJ/TL Public Record was not accurately described or where the CJ/TL Public Record belonged to a different person.

5. For purposes of this Settlement only, this Court finds and concludes that: (a) the Settlement Class is so numerous that joinder of all individuals in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all individuals in the Settlement Class; and (e) that Experian has acted on grounds that apply generally to the Settlement Class, so that the Settlement's injunctive relief is appropriate respecting the class as a whole.

6. The appointments of Carolyn Clark, Jon Hann, Angela Osment, Debra Punturi, Elmo Wilcox III, Marveen Robinson, Hezekiah Winn, Elizabeth Kirwin, Susan Chandler, Olga Anderson, Frances D. Brown, Brenda M. Walker, and Valerot W. Whitlow as Class Representatives and Leonard Bennett and Matthew Erasquin from Consumer Litigation Associates, P.C., Kristi C. Kelly, Casey Nash, and Andrew Guzzo from Kelly & Crandall PLC, James Francis and John Soumilas from Francis & Mailman, P.C., Micah Adkins from The Adkins Firm, P.C., and E. Michelle Drake from Berger Montague PC as Class Counsel are further finally approved and affirmed.

7. Notice to the Settlement Class was provided pursuant to the Court's Preliminary Approval Order. The form and method for notifying the class members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order, satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(A) and due process, and was appropriate under the

circumstances of the case.

8. This Court has considered and hereby overrules all objections to the Settlement on their merits.

9. This Court hereby dismisses with prejudice on the merits and without costs or attorneys' fees (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the Agreement and the Settlement).

10. Each Class Representative, each Plaintiff and each Settlement Class Member, and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, shall be deemed to have fully, finally and forever released the Released Parties from all Released Claims described in Sections 2.30 and 2.31 of the Agreement.

11. Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against any and all of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

12. Plaintiffs and Class Counsel have moved for a service award for the Class Representatives in the amount of $65,000.00 dollars ($5,000.00 each). The Court awards each Plaintiff $5,000 which shall be paid in accordance with the Agreement.

13. Plaintiffs and Class Counsel have moved for an award of attorney's fees (including costs and expenses) in the amount of $15,935,000.00. The Court awards attorney's fees in the amount of $15,935,000.00, which shall be paid in accordance with the Agreement.

14. As agreed in Section 4.1 of the Settlement, the Court hereby orders the following injunctive relief and requires that Experian implement following procedures:

a. For three years from the Effective Date, in the header that accompanies the Public Record Section on all File Disclosures from its Nationwide Database where Public Records are disclosed, Experian shall include the following disclosure language (or language that is substantially similar): "This section includes public record items that Experian may have obtained through a third party vendor, LexisNexis." Experian will further provide the address and website of LexisNexis;

b. For three years from the Effective Date (or such earlier date as Experian may declare in its sole discretion), Experian shall cease reporting CJ/TL Public Records.

c. Notwithstanding the preceding paragraph, Experian may report newly acquired CJ/TL Public Records beginning sixty (60) days after providing to Class Counsel notice and details of Experian's new collection process, and provided that the new collection process: (a) meets the agreed matching standards detailed herein, (b) Dispositions are collected at a frequency of sixty (60) days or less, and (c) where such new collection process is sufficiently standardized and rigorous to ensure the accuracy and completeness of the CJ/TL Public Records (including updates) obtained. Class Counsel shall have thirty (30) days after notice within which to assert an objection to this proposed change, and any such objection shall be decided by the Magistrate. Experian shall not include any CJ/TL Public Record on any consumer report unless the underlying CJ/TL Public Records, as well as the Dispositions, are made available to Experian with sufficient personal identifying information to conclusively match the record to a consumer file, including a matching first and last name, and a full date of birth and/or at least the last four SSN digits. Experian may not report newly acquired CJ/TL Public Records pursuant to this paragraph until after the later of: (a) December

31, 2019 or (b) eighteen (18) months after the Effective Date; and

d. Experian or the Released Parties shall only furnish or use CJ/TL Public Records existing as of the Effective Date (or such earlier date as Experian may declare within its sole discretion) for internal research or analysis.

15. This Court finds that the procedures required in Sections 4.1(a) – (c) of the Agreement comply with Section 1681e(b) and Section 1681g(a)(2) in regard to the reporting of CJ/TL Public Records and the disclosure of the sources of Public Records.

16. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation, and enforcement of this Agreement and the Settlement. Class Counsel are to continue in their role to oversee all aspects of the Agreement and Settlement. Upon notice to Class Counsel, Defendant may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order.

17. If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

Let the Clerk send a copy of this Final Approval Order to all counsel of record.

IT IS SO ORDERED.

FEB - 1 2019

/s/
M. Hannah Lauck
M. Hannah Lauck
United States District Judge

6